**KETCHIKAN PACKING COMPANY,**
Plaintiff,

v.

**CITY OF KETCHIKAN, Defendant.**

**WARDS COVE PACKING COMPANY,**
Plaintiff,

v.

**KETCHIKAN INDEPENDENT SCHOOL DISTRICT, FIRST DIVISION, TERRITORY OF ALASKA, Defendant.**

Nos. 3801, 3802.

District Court, Alaska, First Division.

May 14, 1957.

P. J. Gilmore, Jr., Ketchikan, Alaska, and Edward A. Rauscher, of Weter, Roberts & Shefelman, Seattle, Wash., for plaintiffs.

Victor P. Guns, Ketchikan, Alaska, for defendant City of Ketchikan.

C. L. Cloudy, of Ziegler, Ziegler & Cloudy, Ketchikan, Alaska, for defendant Ketchikan Independent School District.

KELLY, District Judge.

These cases come before the court upon motions to dismiss, filed by the defendant City of Ketchikan and the defendant Ketchikan Independent School District, for the following reasons:

(1) that the court does not have jurisdiction of this matter and the plaintiffs are not entitled to commence or maintain these suits, and

(2) the complaints do not state a cause of action.

Able briefs were filed in support of the motions to dismiss and in opposition thereto.

Plaintiffs seek, by their complaints filed in these actions, to recover from the defendants taxes paid under protest, alleging that the taxes were illegally assessed. It is alleged that failure to pay the taxes on September 30, 1956, would have resulted in the following penalties:

(1) 12% interest plus a 10% penalty on the tax;

(2) exercise of remedy of distraint and sale by the defendant as to the personal property;

(3) exercise of the remedy of sale as to the real property;

(4) fine of $300.00 plus 30 days' jail sentence.

In these actions, the plaintiffs base their right to a refund upon the common law rule that illegal taxes which are paid in-

voluntarily may be recovered. To sustain their contentions they must show that the penalties which would result from non-payment constituted duress.

The defendants point out, however, that the penalties listed as numbers (2) and (3) will not render a payment of taxes involuntary unless those penalties are imminent, and in this case the taxing authority may not invoke such remedies until thirty days after the tax becomes delinquent. They further contend that the fine and jail sentence which are claimed as the fourth element of duress would apply only to the failure to file a statement disclosing the property owned by the taxpayer, and would not apply to the non-payment of taxes.

■ Assuming that these contentions are true, the Court nevertheless feels that the more logical rule is that the existence of an automatic penalty upon delinquent taxes, in addition to interest, may render a payment involuntary. The defendants admit that this is stated by such authorities as Corpus Juris Secundum, American Jurisprudence and American Law Reports to be the general rule, but they show that many cases cited in support thereof involve other non-pecuniary penalties as well. Whether the results in those cases would have varied, had the compulsion been limited to penalties and interest, is debatable, but in any event there is ample authority that such penalties standing alone may render a payment of taxes involuntary.

In the case of Herold v. Kahn, 3 Cir., 159 F. 608, 612, the court stated:

"In the case at bar, however, there was more than the simple payment of the tax under protest as to its illegality, as it was paid upon the demand of the collector, coupled with a threat that unless promptly paid, the same would be collected with a penalty and interest at 1 per centum per month. Payment upon such a demand from a government official, acting within the general scope of his authority, constituted such a duress as clearly made such payment involuntary."

Likewise, the case of Underwood Typewriter Co. v. Chamberlain, 92 Conn. 199, 102 A. 600, although it involved a lien upon the real estate of the company, as well as a 5 per cent penalty and 9 per cent interest, clearly indicated that the interest and penalty by themselves were sufficient duress to render a tax payment involuntary.

■ A taxpayer is entitled to test the validity of any tax assessed against him, and the adoption of an absolute rule that pecuniary penalties will never alter the voluntary nature of a tax payment could give rise to situations in which the exercise of that right would be so fraught with risk that for practical purposes it could not be said to exist. I believe that such a rule would be contrary to the decision in the case of Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714.

■ In the present cases I find that the penalty and interest were burdensome to the extent of rendering the payments involuntary. The fact that they were made before the taxes became delinquent did not make them any less involuntary, for it was only in this way that the penalty and interest could be avoided.

The motions to dismiss are denied.